110 F.3d 69
 1997 Copr.L.Dec. P 27,659
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
QUALITY RECORDS, INC.; R-Tek Music International, Inc.;
Quality Records, Plaintiffs-Counter-Defendants-Appellants,
v.
COAST TO COAST MUSIC, INC., Defendant,
and
Ichiban Records, Inc.; John E. Abbey, Defendants-Appellees.
 No. 95-56368.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1997.
Decided March 18, 1997.
 
 Before: FARRIS, KOZINSKI, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Quality Records, Inc. appeals the district court's grant of summary judgment to Ichiban Records, Inc., holding that Quality's copyright infringement claim could not succeed because Ichiban had recorded its interest first. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 DISCUSSION
 
 3
 We review the district court's grant of summary judgment de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1994).
 
 
 4
 Quality Records, Inc. does not contend that it is the author of Quad City Knock or that Quad City Knock was a work for hire. Therefore, to prevail on a copyright infringement claim against Ichiban, Quality must prove that the copyright transfer to Quality has priority over the copyright transfer to Ichiban. See 17 U.S.C. § 201 (possible methods of obtaining ownership of copyright).
 
 
 5
 As between two conflicting transfers, the one executed first prevails if it is recorded, in the manner required to give constructive notice.... Otherwise the later transfer prevails if recorded first in such a manner, and if taken in good faith, for valuable consideration or on the basis of a binding promise to pay royalties, and without notice of the earlier transfer.
 
 
 6
 17 U.S.C. 205(d).
 
 
 7
 Quality contends that the 1990 R-Tek agreement transferred the Quad City Knock copyright to Quality. Assuming this is true, the R-Tek agreement was the first transfer executed. However, it was never recorded. The later copyright transfer to Ichiban was. Nothing in the record indicates that Ichiban did not take its later transfer "in good faith, for valuable consideration or on the basis of a binding promise to pay royalties, and without notice of any earlier transfer." 17 U.S.C. § 205(d). The transfer of copyright to Ichiban has priority over any arguable transfer of copyright to Quality.
 
 
 8
 Quality argues that it could not record its copyright prior to Ichiban because it did not know that Quad City Knock existed. If the R-Tek agreement was a valid transfer it could have been recorded at any time. If not--that is, if Quality was unable to record--the copyright law still controls. "[S]ection 204 enhances predictability and certainty of ownership--Congress's paramount goal when it revised the Act in 1976." Effects Associates, Inc. v. Cohen, 908 F.2d 555, 557 (9th Cir.1990) (internal quotations omitted). Allowing Quality to trump section 204's requirements and proceed on a copyright infringement claim would undermine Congress's goal. Quality may have other legal claims, but it does not have a claim against Ichiban for copyright infringement. Ichiban is entitled to summary judgment.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3